Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
Clarissa R. Olivares (SBN 343455)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, California 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4709
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*
*colivares@kaplanfox.com*

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEGAN WHEELER, on behalf of herself and all others similarly situated, | Case No. 3:24-cv-04396 |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **CLASS ACTION COMPLAINT** |
| VNGR BEVERAGE, LLC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Megan Wheeler ("Plaintiff"), through her undersigned attorneys, brings this Class Action Complaint against Defendant VNGR Beverage, LLC. ("VNGR" or "Defendant"), individually, and on behalf of all others similarly situated. Plaintiff makes the following allegations based upon knowledge as to her own respective acts, and upon information and belief, as well as upon her attorneys' investigation, and alleges as follows:

## INTRODUCTION

1.     This is a nationwide class action on behalf of purchasers of VNGR's "Poppi" soda in various flavors, including, but not limited to Root Beer, Doc Pop, Watermelon, Grape, Classic Cola, Orange, Wildberry, Raspberry Rose, Lemon Lime, Cherry Limeade, Ginger Lime, and Strawberry Melon (collectively, "Poppi" or the "Products"). VNGR sells "Prebiotic Soda" they label as allegedly made with prebiotics "For a Healthy Gut." VNGR also advertises Poppi with the slogan "Be Gut Happy. Be Gut Healthy."

2.     Researchers provided a new understanding of the many health effects linked maintaining a healthy gut microbiome, such as the reduced risk for chronic diseases, cancer, and impacts on mental health.[1]

3.     The findings created a "gut health revolution" within the past decade and provided opportunities for companies to market products to allegedly improve consumers' gut health.[2] Gut health wellness products are now one of the fastest growing trends in the wellness and food and beverage markets.[3] Consumers are also increasingly buying products that claim to support gut health and provide probiotics and prebiotics.[4]

---

[1] https://hscweb3.hsc.usf.edu/blog/2021/09/03/usf-health-researcher-studies-gut-microbiome-to-improve-brain-health-decrease-age-related-diseases/ (last visited July 19, 2024).

[2]   https://www.foodnavigator.com/Article/2024/03/20/Gut-health-business-is-booming-What-s-next-for-this-unstoppable-health-trend (last visited July 19, 2024).

[3]   https://www.bevindustry.com/articles/96550-consumers-dig-digestive-health (last visited July 19, 2024).

[4] *Id*.

4.     VNGR was founded in 2015 to create a prebiotic soda and healthy soda alternative that used apple cider vinegar.[5] After an appearance on the popular tv show "Shark Tank" and a brand re-launch in 2020, VNGR launched Poppi soda, and its popularity seemingly grew overnight.[6] VNGR accumulated nearly 1 million followers on social media accounts they created for Poppi and boasts promotions by celebrities and athletes like Billie Eilish and Russell Westbrook.[7] VNGR reached over $100 million in retail sales of Poppi in 2023, which is now found in most major grocery stores and Amazon.[8] VNGR even aired a 2024 Superbowl ad for Poppi, which was the most watched ad of the event.[9]

5.     VNGR's main appeal to consumers is that Poppi is a "prebiotic soda" because each can advertises that it contains 2.5 grams of prebiotic dietary fiber. However, the prebiotics in a single can of Poppi soda is not enough to provide any scientifically demonstrable improvement to consumer gut health. For Poppi to provide even a remote benefit, a consumer would have to drink multiple cans per day every day for weeks. This would lead to consumers drinking exorbitant amounts of added sugar, which would outweigh any potential prebiotic benefits and would bring its own health risks like heart disease and diabetes.

6.     Many consumers of Poppi, who bought it for its prebiotic gut health benefits, also suffer from chronic gut health conditions not limited to irritable bowel syndrome (IBS), Crohn's disease and others. Consumers purchased Poppi with the belief from its marketing that it would not exacerbate their symptoms, but actually improve their gut health. However, reports indicate that the prebiotic ingredients VNGR uses in Poppi have been found to create *adverse* side effects in those with IBS and other conditions.

---

[5] https://www.crunchbase.com/organization/poppi (last visited July 19, 2024).

[6] https://cressetcapital.com/events/building-a-brand-how-poppi-co-founder-ellsworth-launched-a-soda-sensation/ (last visited July 19, 2024).

[7] https://www.forbes.com/sites/ariannajohnson/2024/06/04/are-prebiotic-drinks-actually-good-for-your-gut-health-what-to-know-as-poppi-faces-lawsuit/ (last visited July 19, 2024).

[8] https://www.bevnet.com/bestof/2023/poppi (last visited July 19, 2024).

[9] https://www.vendingmarketwatch.com/beverage/news/53096595/poppis-first-national-commercial-becomes-the-most-watched-ad-during-super-bowl (last visited July 19, 2024).

7.      Although VNGR claims that Poppi has become increasingly popular due to its trending social media campaigns or connections with younger consumers, the real reason that it has increased its sales is because its marketing consistently claimed that Poppi was created to be "For a Healthy Gut" and heavily advertised its inclusion of "Prebiotics for a Healthy Gut."

8.      In fact, VNGR rebranded Poppi soda at a time when "everyone in the entire world was thinking about health and wellness," stated founder Allison Ellsworth. VNGR took the opportunity to market Poppi as one of many gut health wellness products.[10]

9.      However, VNGR is misleading reasonable consumers because it is effectively impossible for the ingredients in a Poppi to bring any demonstrable gut health benefits.  Therefore, VNGR misled Plaintiff and Class Members of the nature and the benefits of the included prebiotics and Poppi's ability to be consumed "For a Healthy Gut," rendering the marketing deceptive and misleading. VNGR's prominent and systematic mislabeling of Poppi and its false and deceptive advertising form a pattern of unlawful and unfair business practices that harms the public and, if unstopped, could continue to lead to substantial harm. Accordingly, Plaintiff, on behalf of classes of similarly situated individuals, brings this lawsuit against VNGR for unjust enrichment and violations of California consumer protection and false advertising laws.

## PARTIES

10.      Plaintiff Megan Wheeler is a resident of California. Plaintiff purchased approximately three (3) Poppi sodas a month over the last several months at local grocery stores and Target. Plaintiff is interested prebiotics and gut health, and VNGR's representations that Poppi was "For a Healthy Gut" and that it contains "Prebiotics for a Healthy Gut" stood out to her.

11.      VNGR's misrepresentations that Poppi was "For a Healthy Gut" and that it contained "Prebiotics for a Healthy Gut" were immediate causes of Plaintiff's decisions to purchase Poppi. She would not have agreed to purchase Poppi, would not have paid the full price, or would have sought materially different terms, had she known the truth. VNGR's misrepresentations were substantial factors in Plaintiff's decision to purchase Poppi.

---

[10] https://www.texasmonthly.com/food/poppi-making-soda-cool-again/ (last visited July 19, 2024).

12.     Plaintiff continues to desire to purchase prebiotic sodas such as the Products, including those marketed and sold by VNGR. If the Products were reformulated and/or labeled without the unlawful and misleading claims, Plaintiff would likely purchase the Products again in the future, as Plaintiff regularly visits stores where the Products are sold.

13.     Defendant VNGR Beverage, LLC ("VNGR" or "Defendant") is a Texas corporation with its principal place of business in Austin, Texas. Furthermore, VNGR distributes and sells Poppi throughout the United States, including in this District, through numerous stores and online retailers.

14.     At all relevant times, VNGR has marketed Poppi in a consistent and uniform manner. VNGR sells the Poppi in all 50 states on its website and through various distributors and retailers across the United States, including, but not limited to, Amazon, Walmart, Target, and Safeway.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of different states than VNGR.  See 28 U.S.C. § 1332(d)(2)(A).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.  This Court has personal jurisdiction over VNGR because it is authorized to do business and conducts business in California, has specifically marketed and sold its products services in California, and has sufficient minimum contacts with this state and/or sufficiently avails itself of the markets of this state to render the exercise of jurisdiction by this Court permissible.

16.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted herein occurred in this District and VNGR is subject to personal jurisdiction to the federal court in this District. Moreover, VNGR engages in interstate trade and commerce described herein that has been carried out in part within this judicial district.

# FACTUAL ALLEGATIONS

## A.    VNGR's Claims And Labeling

17.    VNGR states that Poppi is a "prebiotic soda" which claims to be a "better for you soda that keeps your gut happy and gives your bod a boost."[11] VNGR's representations are prominently stated on Poppi's labels.

18.    Poppi is sold both individually and in bulk variety packs. For example, the multi-pack packaging on Walmart.com contains the same representations, and even emphasizes that Poppi is "For a Healthy Gut." Until recently, VNGR's website advertised Poppi as "gut healthy".[12] VNGR also used other slogans such as "Bubbles with Benefits"[13] or "Get Your Gut Right. Drink Poppi."[14] The labels can be seen below:




---

[11] https://www.staples.com/poppi-prebiotic-soda-variety-pack-12- (last visited July 19, 2024).

[12] https://www.fooddive.com/news/poppi-lawsuit-turns-attention-scrutiny-prebiotic-beverage-industry/720066/ (last visited July 19, 2024).

[13] https://www.instagram.com/p/Cn2v9c1LZd1/?hl=en (last visited July 19, 2024).

[14] https://www.instagram.com/p/CoYOLQoLTUq/?hl=en (last visited July 19, 2024).

1
2
3
4
5
6
7
8
9
10
11
12



13
14
15
16
17
18
19
20
21
22
23
24



25      19.      As seen above, VNGR labels each can of Poppi as a "prebiotic soda". This is

26  reinforced with a graphic promoting the inclusion of prebiotics "for a healthy gut".[15]

27

28  [15] https://www.safeway.com/shop/product-details. (last visited July 19, 2024).

20.     Until March 2024, VNGR labeled all individuals cans of Poppi with the slogan, "Be Gut Happy. Be Gut Healthy" and a text bubble stating "For a Healthy Gut."[16]

21.     VNGR's marketing campaigns reinforce their representation that Poppi can provide consumers gut health benefits. For example, VNGR posts a graphic of Poppi with popular cocktails with the caption "Simple swaps for a gut happier + gut healthier you!"[17] and short-form videos of people buying Poppi in a grocery store with the caption "Because gut health is a priority."[18]

22.     VNGR heavily utilizes platforms like TikTok and the endorsements from social media influencers to reach younger consumers. As of 2023, the hashtag "#drinkpoppi" reached over 1 billion views on TikTok. [19] Nearly one third of U.S. adults under 30 cited social media, especially TikTok, as their main news and information source in 2023.[20] Therefore, VNGR promotes the claims that Poppi improves gut health on a platform their consumers rely on to provide truthful information, which makes their marketing even more persuasive.[21]

**B.     VNGR Deceptively Represents That Poppi Supports Gut Health**

23.     As alleged above, VNGR purports that Poppi provides the benefits of prebiotics and supports gut health through the representations on Poppi's individual can and variety pack labeling, which is seen by anyone who buys it. VNGR includes the label "Prebiotic Soda" on each can,

---

[16] https://www.safeway.com/shop/product-details.(last visited July 19, 2024).

[17] https://www.instagram.com/p/CnQKjGerK1_/?hl=en&img_index=1 (last visited July 19, 2024).

[18] https://www.instagram.com/p/CoI_0JTOS-X/?hl=en (last visited July 19, 2024).

[19] PR Newswire, *Soda's Back! Poppi Unveils Largest Consumer-Driven Ad Campaign, Bridging Streaming, Social and Out-of-Home Across Major Markets This Summer* (June 16, 2023) *available* https://www.prnewswire.com/news-releases/sodas-back-poppi-unveils-largest-consumer-driven-ad-campaign-bridging-streaming-social-and-out-of-home-across-major-markets-this-summer-301852854.html (last visited July 19, 2024).

[20] Katerina Eva Matsa, *More Americans are getting news on TikTok, bucking the trend seen on most other social media sites*, PEW RESEARCH REPORTS (November 15, 2023) *available* https://www.pewresearch.org/short-reads/2023/11/15/more-americans-are-getting-news-on-tiktok-bucking-the-trend-seen-on-most-other-social-media-sites/ (last visited July 19, 2024).

[21] *See* Jessica Deyo, *81% of consumers embraced influencer marketing in the past year, study finds*, MARKETING DIVE (February 23, 2023) available https://www.marketingdive.com/news/influencer-marketing-success-matter-study-2023/643310/ (last visited July 19, 2024).

presumably to prominently represent that Poppi provides prebiotics, and that the consumer would receive at least some benefit to their gut health.

24.     VNGR's representation that Poppi can be consumed "For a Healthy Gut" conveys to a reasonable consumer that Poppi affirmatively does something to improve gut health – namely, that whatever state the consumer's gut health is at the time, drinking Poppi will improve it.

25.     VNGR also promotes their representation that Poppi improves gut health and contains ingredients that would provide consumers with gut health benefits through social media marketing campaigns. Multiple social media posts contain slogans like "Bubbles with Benefits" or "Get Your Gut Right. Drink Poppi."

26.     VNGR uses graphics and language that connect Poppi with gut health improvement and benefits. VNGR posts graphics with language that connects drinking Poppi with gut health benefits and that those who drink Poppi "care about their gut health", as shown below:







1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



27.       However, VNGR's representations are false and misleading. Prebiotics are a specific plant fiber that "feeds the healthy bacteria, or probiotics, in your gut."[22] Incorporating prebiotics into one's diet stimulates the growth of good bacteria (i.e. probiotics), strengthens the gut microbiome and immune system, and promotes overall gut health.[23]

28.       Most experts believe that the best way to consume prebiotics is through a variety of whole foods in the diet, such as garlic, onions, Jerusalem artichokes, bananas, whole oats, or apples.[24]

29.       VNGR claims that Poppi is a prebiotic soda because each can contains 2.5 grams of agave inulin, a prebiotic fiber extract "from the agave tequila plant."[25]

30.       However, compiled research shows that agave inulin alone produces little to no meaningful improvement in gut health.[26] Research indicates that even when subjects took 7.5 grams every day for 21 days, there was no significant increase in short-chain fatty acids or any other benchmarks for an improved gut microbiome.[27] Rather, subjects experienced an increase in bowel movements, bloating and gas.[28] Therefore, intake of agave inulin alone has not been found to meaningfully improve gut health, even at much higher doses than that provided by VNGR's Poppi Products.

31.       Additionally, the studies showed that increased intake of agave inulin, even at just 2.5 grams per day, resulted in increased bloating, stomach pains, cramps, and at higher amounts, even diarrhea.[29]

---

[22] https://www.healthpartners.com/blog/prebiotic-and-probiotic/ (last visited July 19, 2024).

[23] https://www.health.harvard.edu/nutrition/prebiotics-understanding-their-role-in-gut-health (last visited July 19, 2024).

[24] https://www.webmd.com/diet/foods-high-in-prebiotic (last visited July 19, 2024).

[25] https://drinkpoppi.com/pages/benefits-101 (last visited July 19, 2024).

[26] Valentina Vinelli, et al., *Effects of Dietary Fibers on Short-Chain Fatty Acids and Gut Microbiota Composition in Healthy Adults: A Systematic Review*, NUTRIENTS vol. 14,13 2559. 21 Jun. 2022, available doi:10.3390/nu14132559.

[27] *Id*.

[28] *Id*.

[29] Michele Pier Luca Guarino, et al. *Mechanisms of Action of Prebiotics and Their Effects on Gastro-Intestinal Disorders in Adults*, NUTRIENTS, vol. 12:4, 1037-39 Apr. 2020, doi:10.3390/nu12041037.

32.     Agave inulin, especially when put in processed food and drink, can actually *aggravate* chronic gut health conditions like IBS,[30] especially in a product like Poppi, which is a liquid. In fact, a registered dietitian told Healthline News that "[v]ery little digestion is taking place, which can heighten these negative effect[.]"[31]

33.     Other research shows that taking agave inulin for substantial periods of time can lead to damage to the immune system[32], inflammation[33] and liver damage[34] from just 10 grams per day over 3 weeks.

34.     Due to the high amount (7.5 grams) of agave inulin needed to possibly produce gut health benefits – and for Poppi to be considered "for a healthy gut" – consumers would have to drink at least 4 cans of Poppi every day for at least 3 weeks.[35] Because Poppi contains on average 4-5 grams of sugar per can, this would result in drinking roughly 20 additional grams of sugar per day.[36]

35.     This additional sugar intake would effectively outweigh any possible benefits given from the agave inulin. Researchers also commonly cite high sugar intake as one of the leading causes of gut inflammation and irritation, while damaging the lining of the gut and preventing the growth of healthy bacteria for digestion.[37]

36.     The American Heart Association recommends no more than 24 grams for women and

---

[30]https://hartfordhospital.org/about-hh/news-center/news-detail?.(last visited July 19, 2024).

[31]https://www.healthline.com/health-news/poppi-prebiotic-soda-gut-health#Are-Poppis-claims-about-gut-healthbenefits-exaggerated? (last visited July 19, 2024).

[32] Renan Oliveira Corrêa, et al., *Inulin Diet Uncovers Complex Diet-Microbiota-Immune Cell Interactions Remodeling the Gut Epithelium.* MICROBIOME, vol. 11,1 90. 26 Apr. 2023, *available* doi:10.1186/s40168-023-01520-2

[33] Michele Pier Luca Guarino, et al. *Mechanisms of Action of Prebiotics and Their Effects on Gastro-Intestinal Disorders in Adults*, NUTRIENTS, vol. 12:4, 1037-39 Apr. 2020, doi:10.3390/nu12041037.

[34] Samuel M. Lancaster, et al. *Global, distinctive, and personal changes in molecular and microbial profiles by specific fibers in humans*, CELL HOST & MICROBE vol. 30, 6 (2022): 848-862.e7, *available* doi:10.1016/j.chom. 2022.03.036.

[35] *See supra* ¶¶ 29-30.

[36] https://drinkpoppi.com/collections/drinks (last visited July 19, 2024).

[37]https://www.medicalnewstoday.com/articles/inflammatory-bowel-disease-high-sugar-diet-worsens-ibd-symptoms (last visited July 19, 2024).

36 grams for men of added sugar per day.[38] High levels of added sugar intake from processed food can lead to increased risk of heart disease, diabetes and obesity.[39] It may also contribute to acne, depression, and even cognitive decline.[40]

37.    Therefore, drinking the amount of Poppi necessary to receive an adequate amount of prebiotics requires consuming nearly the maximum recommended added sugar intake per day. Therefore, consumers would almost certainly surpass their daily limit and outweigh any possible benefit from the agave inulin.[41]

38.    Additionally, taking over 7.5 grams of agave inulin per day to possibly receive prebiotic benefits would likely lead to the adverse effects found by experts, such as bloating, cramps, discomfort, inflammation and possibly harming the immune system.[42]

39.    With the added sugar intake outweighing the minimal at best benefits from the agave inulin, Poppi does not bring the gut health support that VNGR claims on the labeling.

40.    Accordingly, VNGR misrepresented the standard and nature of Poppi. VNGR knew or should have known the true health benefits from the ingredients in Poppi and had the duty to properly represent the accurate benefits and risks. The reasonable consumer would not have adequate knowledge of prebiotics or the science of gut health to properly determine if Poppi would actually improve gut health or be beneficial for chronic conditions like IBS. Plaintiff and Class Members reasonably relied on VNGR's claims that the ingredients in Poppi would support gut health and lead to gut health benefits, and paid a premium price, at about $2.50 per can and $30 per 12-pack.[43] Plaintiff

---

[38] https://www.health.harvard.edu/heart-health/the-sweet-danger-of-sugar (last visited July 19, 2024).

[39] *Id.*

[40] https://www.healthline.com/nutrition/too-much-sugar#other-risks (last visited July 19, 2024).

[41] *See supra* ¶¶ 30, 35, 36.

[42] *See supra* ¶¶ 31-34.

[43] https://www.amazon.com/Sparkling-Prebiotic-Immunity-Benefits-Beverages (last visited July 19, 2024).

and Class Members would have otherwise not purchased Poppi or paid a lesser price, had they known the truth.[44]

## CLASS ACTION ALLEGATIONS

41.      Plaintiff Wheeler seeks to represent a class defined as all persons in the United States who purchased Poppi Products (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

42.      Plaintiff Wheeler also seeks to represent a class defined as all persons in California who purchased Poppi Products (the "Subclass"). Excluded from the Subclass are persons who made such purchases for purpose of resale.

43.      At this time, Plaintiff does not know the exact number of members of the Class or Subclass; however, given the nature of the claims and the number of retail stores in the United States selling Poppi, Plaintiff believes that Class and Subclass members are so numerous that joinder of all members is impracticable. Plaintiff alleges that all acts of VNGR pertinent to the common course of conduct alleged in this Complaint, including the development and dissemination of the deceptive marketing campaign for Poppi discussed herein, emanated from VNGR's headquarters and was then disseminated throughout the United States and California.

44.      There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class and Subclass that predominate over questions that may affect individual Class and Subclass members include:

       a.     whether VNGR misrepresented and/or failed to disclose material facts concerning Poppi;

       b.     whether VNGR's conduct was unfair and/or deceptive;

       c.     whether VNGR has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for VNGR to retain the benefits conferred upon VNGR by Plaintiff and the Class and Subclass; and

---

[44] For example, VNGR's closest competitor, Olipop uses multiple sources of soluble fiber prebiotics such as Chicory Root, Jerusalem Artichoke and Cassava Root. Olipop has 9 grams of prebiotics per serving with only 2-5 gm. of sugar per can and meets the FDA requirement for a good source of fiber in each 12-oz can. https://drinkolipop.com/pages/faq (last visited July 19, 2024).

d.      whether Plaintiff and the Class and Subclass have sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

45.     Plaintiff's claims are typical of those of the Class and Subclass because Plaintiff, like all members of the Class and Subclass, purchased, in a typical consumer setting, VNGR's product and Plaintiff sustained damages from VNGR's wrongful conduct.

46.     Plaintiff will fairly and adequately protect the interests of the Class and Subclass and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class and Subclass.

47.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48.     The prerequisites to maintaining a class action for equitable relief are met as VNGR has acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making appropriate equitable relief with respect to the Class and Subclass as a whole.

49.     The prosecution of separate actions by members of the Class and Subclass would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for VNGR. For example, one court might enjoin VNGR from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and Subclass even where certain Class and Subclass members are not parties to such actions.

## CLAIMS FOR RELIEF
### COUNT I
**False Advertising in Violation of**
**California Business & Professions Code §§ 17500, *et seq.***

50.     Plaintiff repeats and realleges each and every allegation contained above and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

51.     Plaintiff brings this cause of action individually and on behalf of the Class, or in the alternative, the Subclass as defined above.

52.     VNGR uses advertising and packaging to sell Poppi. VNGR disseminates advertising regarding Poppi which by its very nature is deceptive, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.* because those advertising statements

mislead consumers of the true and accurate gut health benefits derived from the ingredients in Poppi—which is likely to deceive, and continues to deceive, members of the putative Class and the general public.

53.     VNGR knew or should have known that its misrepresentations and omissions were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500, *et seq*.

54.     Through its deceptive acts and practices, VNGR has improperly and illegally obtained money from Plaintiff and the members of the Class. As such, Plaintiff requests that this Court cause VNGR to restore this money to Plaintiff and the members of the Class, and to enjoin VNGR from continuing to violate California Business & Professions Code §§ 17500, *et seq.*, as discussed above. Otherwise, Plaintiff and those similarly situated will continue to be harmed by VNGR's false and/or misleading advertising.

55.     Pursuant to California Business & Professions Code § 1755, Plaintiff seeks an Order of this Court ordering VNGR to fully disclose the true nature of its misrepresentations. Plaintiff additionally requests an Order: (1) requiring VNGR to disgorge its ill-gotten gains, (2) award full restitution of all monies wrongfully acquired by VNGR and (3), interest and attorneys' fees. Plaintiff and the Class may be irreparably harmed and denied an effective and complete remedy if such an Order is not granted.

56.     Injunctive relief is also appropriate, and indeed necessary, to require VNGR to provide full and accurate disclosures regarding Poppi so that Plaintiff and Class members can reasonably rely on Poppi's packaging.

**<u>COUNT II</u>**
**Violation of the Consumers Legal Remedies Act,**
**California Civil Code §§ 1750, *et seq*.**

57.     Plaintiff incorporates each and every allegation contained in the paragraphs above as if restated herein.

58.     Plaintiff brings this cause of action individually and on behalf of the Class, or in the alternative, the Subclass as defined above.

59. This cause of action is brought pursuant to the Consumers Legal Remedies Act California Civil Code §§ 1750, *et seq*. (the "CLRA").

60. Plaintiff and each member of the proposed Class and Subclass were "consumers" within the meaning of the Civil Code § 1761(d).

61. The purchases of Poppi by consumers constitute "transactions" within the meaning of Civil Code §1761(e) and Poppi constitutes "goods" within the meaning of Civil Code § 1761(a).

62. VNGR has violated, and continues to violate, the CLRA in at least the following respects:

   a.   § 1770(5) pertaining to misrepresentations regarding the characteristics of goods sold—specifying that misleading representations regarding ingredients violate the CLRA.

   b.   § 1770(7) pertaining to representations that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another

   c.   § 1770(9) pertaining to goods advertised with the intent not to provide what is advertised

63. VNGR knew, or should have known that the labeling of Poppi violated consumer protection laws, and that these statements would be relied upon by Plaintiff and the members of the Class.

64. The representations were made to Plaintiff and all members of the Class. Plaintiff relied on the accuracy of the representations on VNGR's labels which formed a material basis for her decision to purchase Poppi. Moreover, based on the very materiality of VNGR's misrepresentations uniformly made on or omitted from Poppi's labels, reliance may be presumed or inferred for all members of the Class.

65. VNGR carried the scheme set forth in this Complaint willfully, wantonly, and with reckless disregard for the interests of Plaintiff and the Class, and as a result, Plaintiff and the Class have suffered an ascertainable loss of money or property.

66. Plaintiff and the members of the Class request that this Court enjoin VNGR from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above, pursuant to California Civil Code § 1780(a)(2). Unless VNGR is permanently enjoined from continuing to

1  engage in such violations of the CLRA, future consumers of VNGR's Poppi will be damaged by their

2  acts and practices in the same way as have Plaintiff and the members of the proposed Class.

3    67.    On July 19, 2024 a CLRA demand letter was sent to VNGR via certified mail that

4  provided notice of VNGR's violation of the CLRA and demanded that within thirty (30) days from

5  that date, VNGR correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive

6  practices complained of herein.  The letter also stated that if VNGR refused to do so, a complaint

7  seeking damages in accordance with the CLRA would be filed.

8    68.    Wherefore, Plaintiff presently only seeks injunctive relief for violations of the CLRA,

9  but will amend her complaint to seek damages and other relief should VNGR not adequately respond

10  to the CLRA demand letter within the statutorily prescribed time.

11
**COUNT III**
**Violation of California's Unfair Competition Law**
**California Business & Professions Code §§ 17200, *et seq.***
12

13    69.    Plaintiff repeats and re-alleges the allegations above as if set forth herein.

14    70.    Plaintiff brings this cause of action individually and on behalf of the Class, or in the

15  alternative, the Subclass as defined above.

16    71.    By committing the acts and practices alleged herein, VNGR has violated California's

17  Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, by engaging in unlawful,

18  fraudulent, and unfair conduct.

19    72.    VNGR has violated the UCL's proscription against engaging in unlawful conduct as

20  a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9) as alleged above.

21  VNGR's acts and practices described above also violate the UCL's proscription against engaging in

22  fraudulent conduct because VNGR's misleading marketing, advertising, packaging, and labeling of

23  Poppi is likely to deceive reasonable consumers.

24    73.    VNGR's acts and practices described above also violate the UCL's proscription

25  against engaging in unfair conduct.

26    74.    Plaintiff and the other Class members suffered a substantial injury by virtue of buying

27  Poppi that they would not have purchased absent VNGR's unlawful, fraudulent, and unfair marketing,

28  advertising, packaging, and labeling or by virtue of paying an excessive premium price for the

unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled product.

75.     There is no benefit to consumers or competition from deceptively marketing and labeling Poppi.

76.     Plaintiff and the other Class members had no way of reasonably knowing Poppi was not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

77.     The gravity of the consequences of VNGR's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established laws and public policy, or is substantially injurious to Plaintiff and the other members of the Class.

78.     Pursuant to California Business and Professional Code § 17203, Plaintiff and the Class seek an order of this Court that includes, but is not limited to, an order requiring VNGR to:

    a.     provide restitution to Plaintiff and the other Class members;

    b.     disgorge all revenues obtained as a result of violations of the UCL; and

    c.     pay Plaintiff and the Class's attorney's fees and costs.

**COUNT IV**
**Unjust Enrichment**

79.     Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

80.     Plaintiff brings this cause of action individually and on behalf of the Class, or in the alternative, the Subclass as defined above.

81.     Plaintiff and Class and Subclass members conferred benefits on VNGR by purchasing the Poppi.

82.     VNGR has knowledge of such benefits.

83.     VNGR has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class and Subclass members' purchases of Poppi. Retention of those monies under these

circumstances is unjust and inequitable because VNGR represented that Poppi had adequate "Prebiotics for a Healthy Gut" or help consumers be "Gut Happy" and "Gut Healthy."

84.     Because VNGR's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class and Subclass members is unjust and inequitable, VNGR must pay restitution to Plaintiff and the Class and Subclass members for their unjust enrichment, as ordered by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of herself and members of the Class and Subclass as follows:

A.     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Wheeler as representative of the Class and Subclass, and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

B.     For an order declaring that VNGR's conduct violates the statutes and laws referenced herein;

C.     For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

D.     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.     For injunctive relief enjoining the illegal acts detailed herein;

F.     For prejudgment interest on all amounts awarded;

G.     For an order of restitution and all other forms of equitable monetary relief;

H.     For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action or issues so triable.

Respectfully submitted,

DATED:  July 19, 2024

**KAPLAN FOX & KILSHEIMER LLP**

By:  /s/ *Laurence D. King*
       Laurence D. King

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Blair E. Reed (SBN 316791)
Clarissa R. Olivares (SBN 343455)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:     (415) 772-4700
Facsimile:     (415) 772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*
*breed@kaplanfox.com*
*colivares@kaplanfox.com*

*Counsel for Plaintiff and the Proposed Class*